UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIRK WILLIAMS,

                Plaintiff,

     v.

STATE OF WASHINGTON, et al.,

                Defendants.

CASE NO. 2:23-CV-914-TL-DWC

ORDER GRANTING MOTION TO STAY DISCOVERY

        The District Court referred this action to United States Magistrate Judge David W. Christel. Currently pending before the Court is Defendants' motion for a stay of discovery pending the Court's decision on Defendants' motion to dismiss. Dkt. 13. Plaintiff has filed a response. Dkt. 14. Defendants have not filed a reply. For the reasons discussed below, the Court GRANTS Defendants' motion.

        A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013) (permitting a stay of discovery

ORDER GRANTING MOTION TO STAY DISCOVERY - 1

where a pending dispositive motion is (1) "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery). Where discovery will not affect the 12(b) decision, staying discovery ensures the defendant's motion is properly addressed and advances "the goals of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Defendants contend their pending motion to dismiss (Dkt. 11) is potentially dispositive of this case and the motion can be decided without additional discovery. Dkt. 13. Plaintiff contends he should be permitted discovery in order to prove his case. Dkt. 14.

If granted, Defendants' currently pending motion to dismiss could potentially result in a dismissal of all claims against Defendants. Moreover, Defendants' motion is brought under Fed. R. Civ. P. 12(c), pursuant to which the Court must assume as true the facts alleged in the Complaint. *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). Plaintiff is not required to produce evidence at this stage to prove his factual allegations; instead, the Court assumes he will be able to prove them and evaluates the legal sufficiency of his claims. *Id*. Accordingly, the motion may be decided without discovery.

Defendants' pending motion to dismiss could potentially resolve all claims in this case and can be decided without discovery. Further, the Court finds a stay would advance the efficiency of the Court. Therefore, the Court GRANTS Defendants motion to stay discovery (Dkt. 13). All discovery in this matter is STAYED until the resolution of Defendants' pending motion to dismiss.

Dated this 29th day of August, 2023.

David W. Christel
Chief United States Magistrate Judge

ORDER GRANTING MOTION TO STAY DISCOVERY - 2