UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIRK WILLIAMS,

                    Plaintiff,

     v.

STATE OF WASHINGTON, et al.,

                    Defendants.

CASE NO. 2:23-CV-914-TL-DWC

REPORT AND RECOMMENDATION

Noting Date: October 20, 2023

This matter is before the Court on referral from the District Court and upon Defendants' motion for judgment on the pleadings dismissing Plaintiff's Amended Complaint. Dkt. 11. For the reasons discussed below, the Court recommends Defendants' motion be GRANTED and Plaintiff's claims be DISMISSED with prejudice.

## I.    BACKGROUND

### A.    Procedural Background

This matter was removed by Defendants to this Court from Washington State Superior Court for King County (the "State Court"). Dkt. 1. Plaintiff initiated this matter in the State Court on July 28, 2022. Dkt. 5 at 4. Plaintiff's original Complaint was apparently not served

upon any Defendant. On February 23, 2023, the State Court authorized service of Defendants by mail. Dkt. 5 at 45. Plaintiff then sought leave of the State Court to "substitute" an Amended Complaint, and requested the caption be changed to reflect the Defendants as the State of Washington and Attorney General Robert Ferguson. Dkt. 5 at 55 (Plaintiff's letter to the State Court); Dkt. 1-2 (Amended Complaint). The State Court granted the request to change the caption and instructed Plaintiff to serve the Amended Complaint on the Defendants. Dkt. 5 at 57, 67.

Plaintiff mailed his Amended Complaint to Defendants on May 23, 2023. Dkt. 5 at 1, ¶ 2. Defendants filed an Answer to the Amended Complaint in the State Court on June 9, 2023, and removed the case to this Court on June 16, 2023. Dkt. 5 at 71–76; Dkt. 1. On July 17, 2023, Defendants filed a motion for judgment on the pleadings. Dkt. 11. Plaintiff has filed a response (Dkt. 15)[1] and Defendants have filed a reply (Dkt. 17). The Court previously granted Defendants' motion to stay discovery pending the determination of their motion for judgment on the pleadings. Dkt. 19.

**B.  Allegations of Plaintiff's Amended Complaint**

Plaintiff names as Defendants the State of Washington and Attorney General Robert Ferguson. Dkt. 1-2; Dkt. 5 at 55, 57. Plaintiff alleges his rights under the Fifth, Sixth and Fourteenth Amendments and Article 1 § 22 of the Washington State Constitution were violated "before Mr. Williams went to trial" in his criminal matter. Dkt. 1-2 at ¶ 7. Plaintiff states that he "challenge[s] the preparation of proceeding to trial that affected the proceeding of him having a Fair trial." *Id*. at ¶ 9. Plaintiff alleges he was denied "compulsory process to obtain evidence for

---

[1] Plaintiff's response was filed ten days after it was due. Dkt. 15. Plaintiff has explained he did not have access to his legal files at the time his response was due. Dkt. 16. Defendants have had an opportunity to file a Reply and have not been prejudiced by the late filing. The Court will therefore consider Plaintiff's Response.

his defense." *Id.* at ¶ 12. Plaintiff also alleges he was denied a copy of his "client file" for twelve years. *Id.* at ¶ 13. Plaintiff appears to assert that the individuals responsible for these deprivations were a King County Deputy Prosecutor, Alexandra Voorhees, and his public defender, Harold Palmer. *Id.* at ¶ 5.

Plaintiff's Amended Complaint seeks compensatory and punitive damages. Dkt. 1-2 at 6.

## II.    STANDARD OF REVIEW

### A.    Rule 12 Standard

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(c) on the grounds that Plaintiff has failed to state a claim under § 1983 and his claims are barred under the applicable statute of limitations. Dkt. 11. A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). Because a Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion are functionally identical, the motion to dismiss standard applies to Rule 12(c) motions. *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

A motion to dismiss can be granted only if the plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly,* 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *as amended* (Oct. 9, 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Id.* at 471.

**B.    Section 1983**

Plaintiff alleges Defendants violated his federal constitutional rights. His claims are therefore governed by 42 U.S.C. § 1983, which provides for an action against state or local officials for the violation of federal constitutional or statutory rights. To state a claim under § 1983, a plaintiff must show: (1) plaintiff suffered a violation of rights "secured by the Constitution and laws of the United States", and (2) "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). The first step is to identify the specific constitutional or statutory right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

## III.   DISCUSSION

Defendants contend Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted because Plaintiff fails to connect the named Defendants with any alleged wrongdoing and fails to allege more than conclusory claims. Dkt. 11 at 5–6. Defendants also contend Plaintiff's claims are barred by the statute of limitations. *Id*. at 7–8. Finally, Defendants argue Plaintiff cannot state a claim under the Washington State Constitution. *Id*. at 6.

### A.   Personal Participation

Defendants contend Plaintiff's claims are wholly conclusory and fail to connect Defendants with any alleged violation of Plaintiff's rights. Dkt. 11 at 5–6. Plaintiff responds with more detail concerning his claims, alleging his rights were violated by: (1) the trial court's refusal to permit him to interview witnesses; (2) a continuance of the trial date and denial of his speedy trial rights; and (3) subjecting him to an improper DNA sampling. Dkt. 15. However,

1   Plaintiff provides no evidence the named Defendants personally participated in those alleged

2   violations.

3        Plaintiff is required to allege facts establishing each defendant caused or personally

4   participated in a violation of his rights. *Arnold,* 637 F.2d at 1355. To be liable for causing the

5   deprivation of a constitutional right, each Defendant must commit an affirmative act, or omit to

6   perform an act he or she is legally required to do, which causes plaintiff's deprivation. *Johnson*

7   *v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff must allege particularized facts showing

8   each Defendant participated in or directed the alleged violation or knew of the violation and

9   failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

10  Sweeping conclusory allegations are insufficient to state a claim for relief. *Leer,* 844 F.2d at 634.

11  A plaintiff must set forth the specific factual basis supporting his claim for each Defendant's

12  liability. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

13       Here, Plaintiff's Amended Complaint makes no particularized allegations establishing the

14  State of Washington or Attorney General Ferguson personally participated in any of the alleged

15  violations. *See* Dkt. 1-2. Indeed, Plaintiff's Amended Complaint identifies only the prosecutor

16  and Plaintiff's defense counsel as persons who violated his rights. Dkt. 1-2 at ¶ 5. Plaintiff's

17  Response, similarly, states his speedy trial and discovery rights were violated by actions taken by

18  the prosecutor, defense counsel, or the trial judge. *See* Dkt. 15. Plaintiff nowhere alleges any

19  participation by defendant Ferguson, and no act by the State of Washington.

20       None of the individuals identified in Plaintiff's Amended Complaint are employees of the

21  State of Washington. But even if they were, a supervisor or employer cannot be held liable for an

22  act by a subordinate; there is no vicarious liability under § 1983. *City of Canton,* 489 U.S. at 385–

23  90.

24

1       Plaintiff has failed to allege facts sufficient to establish Defendants personally participated

2 in the alleged violations of his constitutional rights. The Court therefore recommends Plaintiff's

3 claims against the named Defendants be dismissed.

4 **B.    Statute of Limitations**

5       Defendants also argue Plaintiff's claims are barred by the applicable statute of

6 limitations. Federal courts apply the forum state's personal injury statute of limitations to § 1983

7 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). A three year statute of limitations

8 applies in Washington. RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045,

9 1058 (9th Cir. 2002).

10       Federal law determines when a civil rights claim accrues. *TwoRivers v. Lewis*, 174 F.3d

11 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has a reason to know of

12 the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996);

13 *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *TwoRivers*, 174 F.3d at

14 992). The proper focus is upon the time of the acts, not upon the time at which the consequences

15 of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.

16 1979).

17       In his Amended Complaint, Plaintiff alleges that his constitutional rights were violated

18 "in King County Jail before going to trial" in his criminal matter. Dkt. 1-2 at ¶ 7. Plaintiff claims

19 that during this pretrial period, he was "denied compulsory process." *Id*. at ¶ 12. Defendants have

20 submitted Plaintiff's Judgment and Sentence in that matter, which establishes Judgment was

21 entered, after the completion of trial, on August 12, 2011. Dkt. 11 at 12–20.[2] Thus, the alleged

22

23 _____

[2] The Court may take judicial notice of documents on file in federal or state courts. *Harris v. Cnty. of Orange*, 682

24 F.3d 1126, 1132 (9th Cir. 2012).

1    violations of Plaintiff's constitutional rights occurred before August, 2011—which is

2    approximately 11 years before Plaintiff initiated this action on July 28, 2022. Plaintiff's claims

3    are therefore barred by the statute of limitations.

4         Plaintiff makes a vague allegation that the state kept unspecified evidence from him when

5    an unidentified party "refuse[d] to give me my client file." Dkt. 1-2 at ¶ 13. It is not clear

6    whether Plaintiff intends this assertion to assert a claim for equitable tolling; however, construing

7    the Amended Complaint liberally, the Court will analyze whether equitable tolling applies.

8         To invoke the doctrine of equitable tolling, Plaintiff must show (1) that he has been

9    pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.

10   *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd and remanded sub nom.*

11   *United States v. Wong*, 575 U.S. 402 (2015). Here, Plaintiff's Amended Complaint makes only a

12   conclusory allegation he was "denied compulsory process" before his trial. Plaintiff's Response

13   to Defendants' motion identifies three alleged violations—that he was denied the right to

14   interview witnesses, was denied speedy trial by continuances to which he did not consent, and

15   was subject to an improper DNA sampling. Dkt. 15. But Plaintiff's submissions establish he was

16   aware of each of these events at the time they occurred. *See* Dkt. 15 at 5 (order denying

17   Plaintiff's motion for witness interviews); Dkt. 15 at 9 (Plaintiff was in court when continuance

18   was granted), Dkt. 15 at 13 (order requiring DNA sample). Moreover, Plaintiff does not explain

19   why the alleged lack of access to his client file prevented him from bringing his claims earlier.

20        In addition, Plaintiff has previously brought a habeas proceeding alleging his

21   constitutional rights were violated by his criminal trial, including violations of his speedy trial

22   and discovery rights. *See Williams v. Key*, No. 2:18-cv-01012-RSL. Plaintiff has also brought

23   two prior civil claims pertaining to his DNA sample. *See Williams v. Sampson* No 2:17-cv-00092

24

1    JCC; *Williams v. Sampson*, No. 2:14-cv-00052-TSZ. Plaintiff was therefore aware of the factual

2    basis of his claims well before he initiated this action and faced no obstacles to bringing his

3    previous claims. Plaintiff has not demonstrated any extraordinary circumstances stood in the way

4    of filing this action earlier.

5        Because Plaintiff's claims arise from events occurring before August, 2011 and he did

6    not file his lawsuit on those claims until July 2022 and has not established any basis for equitable

7    tolling, Plaintiff's claims are barred by the statute of limitations. The Court therefore

8    recommends the claims be dismissed on this additional ground.

9    **C.    Violation of Washington State Constitution**

10        Finally, Defendants contend Plaintiff's claim under the Washington State Constitution

11   fails because there is no private right of action to bring such a claim. Dkt. 11 at 6.

12        Washington does not have a civil rights act akin to 42 U.S.C. § 1983 and alleged

13   violations of the State constitution are not independently actionable torts. *Reid v. Pierce Cnty.*,

14   136 Wn.2d 195, 213 (1998); *Spurell v. Bloch*, 40 Wn.App. 854, 861 (1985) (Washington due

15   process clause does not constitute an independent cause of action; state may invalidate actions

16   which do not conform with due process but may not award reparations); *Sys. Amusement v. State*,

17   7 Wn.App. 516 (1972).

18        Washington courts have consistently rejected invitations to establish a cause of action for

19   damages based upon constitutional violations without "the aid of augmentative legislation."

20   *Blinka v. Washington State Bar Ass'n*, 109 Wn.App. 575, 591 (2001) *citing Sys. Amusement,*

21   *Inc.*, 7 Wn.App. at 517); *see also Spurrell*, 40 Wn.App. at 861; *Reid*, 136 Wn.2d at 213. Plaintiff

22   has not shown any "augmentive legislation" allows him to bring suit under the Washington State

23

24

Constitution here. Thus, Plaintiff has not raised a viable claim under the Washington State

Constitution and the Court recommends that Plaintiff's State constitutional claims be dismissed.

**D.    Leave to Amend**

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if

a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint

lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, *Smith v.*

*Pac. Properties & Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*,

58 F.3d 494, 497(9th Cir. 1995) ("a district court should grant leave to amend even if no request

to amend the pleading was made, unless it determines that the pleading could not be cured by the

allegation of other facts.").

Here, no amendment would save Plaintiff's claims. First, Plaintiff has failed to name a

proper defendant who personally participated in the alleged violation of his constitutional rights.

It appears Plaintiff contends the violations were committed by the prosecutor and his defense

counsel at his criminal trial. But a prosecutor is immune from § 1983 claims arising out of her

prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (Prosecutors are entitled

to absolute immunity from liability for damages under § 1983). Similarly, defense counsel is also

not a proper defendant because counsel does not act under color of state law, as required by §

1983. *Polk Cnty. v. Dodson,* 454 U.S. 312, 318 (1981) (A "lawyer representing a client is not, by

virtue of being an officer of the court, a state actor 'under the color of state law' within the

meaning of § 1983."). Thus, the deficiencies in Plaintff's Amended Complaint could not be

cured by permitting him to name additional defendants.

Second, Plaintiff's claims accrued more than 10 years ago and are barred by the statute of limitations. Even if Plaintiff could name a proper defendant, his claims against any new defendant would also be time barred.

Finally, no amendment can remedy the lack of a private right of action to bring claims under the State constitution.

Accordingly, the Court recommends Plaintiff's claims be dismissed with prejudice.

**E.    Termination of Unnamed Defendant**

Defendants note the Court's docket incorrectly lists Washington State Patrol ("WSP") as a Defendant. Dkt. 11 at 3 n.2. WSP is not named in the operative Complaint. *See* Dkt. 1-2 (Plaintiff's Amended Complaint); Dkt. 5 at 57 (State Court order granting Plaintiff's request to amend caption, listing Defendant as "State of Washington"). It appears WSP was listed on the docket in this matter in error, based upon a prior version of Plaintiff's Complaint while his matter was pending in the State Court. Accordingly, the Court recommends WSP be terminated as a Defendant.

## IV.   CONCLUSION

For the reasons discussed above, the Court recommends Defendants' motion for judgment on the pleadings (Dkt. 11) be GRANTED and this matter be DISMISSED with prejudice, and that WSP be terminated as a Defendant.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on October 20, 2023, as noted in the caption.

Dated this 2nd day of October, 2023.

David W. Christel
Chief United States Magistrate Judge