1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK WILLIAMS,

                Plaintiff,

    v.

STATE OF WASHINGTON et al.,

                Defendants.

CASE NO. 2:23-cv-00914-TL

ORDER ADOPTING REPORT AND
RECOMMENDATION

       This matter comes before the Court on the Report and Recommendation of Chief United States Magistrate Judge David W. Christel (Dkt. No. 22) and Plaintiff Kirk Williams's objections to the Report and Recommendation (Dkt. No. 23). Having reviewed the Report and Recommendation, Mr. Williams's objections, Defendants' Response to Plaintiff's Objections (Dkt. No. 24), and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES the objections.

       A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The Report and Recommendation was filed on October 2. 2023. Dkt. No. 22. Mr. Williams participates in the mandatory prisoner e-filing program. *See* General Orders 06-16 and  02-15. Mr. Williams's objections were due on October 16, 2023. Mr. Williams did not file his objections[1] until October 18, 2023, beyond the time allowed for in the rules. Dkt. No. 23. Therefore, Plaintiff waived his objections. *See, e.g., Hausken v. Lewis*, No. C12-5882, 2014 WL 1912058, at *2 (W.D. Wash. May 12, 2014) (plaintiff waived his objections because he filed them approximately six weeks after the 14-day deadline expired); *Norling v. Uttecht*, No. C19-5697, 2020 WL 42418, at *1 (W.D. Wash. Jan. 3, 2020) (petitioner waived his right to object to the report and recommendation because he filed objections nearly a month after the 14-day deadline expired).

---

[1] Mr. Williams filed an "Opposition to Defendant Motion Fed. R. Civil P. 12(c)" which the Court interprets as objections to the Report and Recommendation as the arguments in his brief track the points in the Report and Recommendation. While Mr. Williams tries to explain why his response to Defendants' motion to dismiss was filed ten days late, he provides no explanation for why his objections were filed two days late. Dkt. No. 23 at 4.

In any event, Magistrate Judge Christel did not err. In his objections, Mr. Williams explains why his response to the Defendants' Rule 12(c) motion was filed ten days late. Dkt. No. 23 at 4. While his response was filed late, Magistrate Judge Christel still considered his response in his Report and Recommendation. Dkt. No. 22 n.1.

In attempting to explain the eleven-year delay in the filing of his lawsuit and avoid the statute of limitations for bringing such cases, Mr. Williams states in his objections that (1) he was unaware there was "direct evidence that showed him his constitutional rights for compulsory process (Dkt. No 23 at 5);[2] and (2) his client file that he attached to the objections shows evidence of the violations. *Id.*

First, it appears that Mr. Williams did not request his client file until at least 2018. *See* Dkt. No. 23 at 38 (letter from King County Department of Public Defense stating, "[t]he first time we heard that Mr. Williams was requesting his 'client file' was due to a forwarded pleading that we received from Superior Court Judge John P. Erlick[3] on 12/3/2018."). Mr. Williams does not explain the seven-year gap between his conviction on August 12, 2011,[4] and his request for his file. His former defense counsel provided the requested client file documents on April 9, 2020, and January 8, 2021. *Id.* at 28, 37. The client file also shows that Mr. Williams made a public records request from the King County Prosecutor on September 3, 2020 (*id.* at 32), to which it responded on March 10, 2021, informing him that the office did not have any responsive

---

[2] As explained in his response to Defendants' Rule 12(c) motion, he believed his right to compulsory process was violated because he was "denied to interview witnesses." Dkt. No. 15 at 2.

[3] The client file includes two undated orders from the King County Superior Court granting Mr. Williams's request for his client file, which are presumably the order from Judge Erlick. *Id.* at 29-31.

[4] Mr. Williams asserts his rights were violated "in King County Jail *before* going to trial." Dkt. 1-2 at ¶ 7 (emphasis added).

1    records in its office. *Id.* at 39. Therefore, it does not appear that Mr. Williams even requested his

2    client files until well after the three year statute of limitations already had run.

3            Second, Mr. Williams does not explain how the client files show evidence of a violation

4    of his rights to compulsory process. The files include a motion filed by Mr. Williams himself

5    requesting to interview the state's witnesses (*id.* at 12) and a March 16, 2011, court order

6    denying his request to reinterview victims and witnesses previously interviewed by his counsel

7    (*id.* at 13). Mr. Williams's exhibits further demonstrate that his attorney and the prosecutor

8    discussed times to interview law enforcement witnesses subsequent to the March 2011 court

9    order. *Id.* at 14-16. His client file therefore does not present any evidence supporting Mr.

10   Williams's assertion that he was unaware of his right and, to the contrary, shows he asserted that

11   right back in 2011. Mr. Williams cites *Donald v. Cook Cty. Sheriff's Dept.*, 95 F.3d 548 (7th Cir.

12   1996), to support his argument that tolling is appropriate where a pro se inmate is unable to

13   identify officers directly involved in an alleged incident without discovery. But the materials

14   submitted by Mr. Williams demonstrate that his counsel not only knew the identity of the

15   officers involved in his case but also sought to interview them. Dkt. No. 23 at 6–8. And as Judge

16   Christel noted, Mr. Williams has already brought habeas proceedings for alleged constitutional

17   right violations of his criminal trial, speedy trial and discovery rights, and civil claims related to

18   his DNA samples. Dkt. No. 22 at p. 8–9 (citing to Williams's other cases).

19           Mr. Williams also asserts that the violations of his rights were so egregious that a judge

20   determined they should be reviewed by a federal court. *Id.* at 8. To the extent Mr. Williams is

21   referring to the removal of this case from the state court to federal court, the state court judge

22   was not involved in the removal. Defendants removed the case to federal court pursuant to

23   federal law which states that the United States District Courts have original jurisdiction of (1) all

24   civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C.

§ 1331, and (2) civil actions seeking "[t]o redress the deprivation, under color of any State law . . . of any right, privilege or immunity secured by the Constitution of the United States." 28 U.S.C. § 1343.

Finally, Mr. Williams objects because he claims that the State of Washington is responsible for the constitutional violations that occurred due to the actions of King County Prosecutor Alexandra Voorhees and public defender Harold Palmer. Dkt. No. 23 at 9. For the reasons detailed in the Report and Recommendation (Dkt. No. 22 at 5–7), which the Court will not repeat, the claims against Defendants must be dismissed. The Court further agrees with the Report and Recommendation that leave to amend should not be granted as it would be futile. *Id.* at 10–11.

For the foregoing reasons, the Court hereby ORDERS:

1. The Court ADOPTS the Report and Recommendation and OVERRULES Mr. Williams's objections.

2. The Clerk is directed to terminate the Washington State Patrol as a Defendant in this action.

3. Defendants' Motion for Judgment on the Pleadings (Dkt. 11) is granted, and Plaintiff's claims are dismissed with prejudice.

Dated this 3rd day of November 2023.

Tana Lin
United States District Judge