1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK WILLIAMS,

                Plaintiff,

     v.

STATE OF WASHINGTON et al.,

                Defendants.

CASE NO. 2:23-cv-00914-TL

ORDER DENYING MOTION FOR RECONSIDERATION

       This matter is before the Court on Plaintiff Kirk Williams's Motion for Reconsideration (Dkt. No. 27) of the Court's Order (Dkt. No. 25) Adopting the Report and Recommendation of United States Magistrate Judge David W. Christel (Dkt. No. 22) and Judgment (Dkt. No. 26) dismissing this case with prejudice. For the reasons stated below, the Court DENIES Plaintiff's motion. This case shall remain dismissed, and the Court's judgment shall remain undisturbed.

       Plaintiff seeks relief from the Court's judgment under Federal Rules of Civil Procedure 59(e) and 60(b)(1). Dkt. No. 27 at 4. The Court has broad discretion to reconsider and alter a judgment under Federal Rule of Civil Procedure 59(e). *McDowell v. Calderon*, 197 F.3d 1253,

1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). The Court will change its judgment under Rule 59 only: (1) to correct "manifest errors of law or fact" on which the judgment rests, (2) when presented with newly discovered or previously unavailable evidence, (3) to prevent manifest injustice, or (4) due to "an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Similarly, Rule 60(b) "permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Specifically, "a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.'" *Id.* (quoting Fed. R. Civ. P. 60(b)(1)). All such "[m]otions for reconsideration are disfavored." LCR 7(h)(1); *see also Kemp*, 596 U.S. 533 (noting that Rule 60 motions are granted only in "extraordinary circumstances" (internal quotation marks omitted)); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (referring to Rule 59 relief as an "extraordinary remedy").

Here, Plaintiff does not specifically identify grounds upon which he seeks reconsideration of the Court's judgment. Instead, Plaintiff argues that the state interfered with his ability to interview witnesses and withheld vital evidence necessary to show that his Constitutional rights were violated. *See* Dkt. 27 at 4–6. Plaintiff's motion for reconsideration appears to simply reassert the same flawed arguments he raised in opposing Defendants' motion for judgment on the pleadings and again in his objections to the report and recommendation granting the motion. Plaintiff does not identify any specific mistake or error of law or fact in the Court's Order adopting the report and recommendation. Nor does Plaintiff cite to any previously unavailable evidence or a relevant change in the law that might justify reconsideration. The Court does not need to restate its reasoning for rejecting Plaintiff's arguments regarding the merits of his case to

determine that he fails to establish any extraordinary circumstances that warrant reconsideration of the judgment.

The Court therefore DENIES Plaintiff's Motion for Reconsideration. Dkt. No. 27.

Dated this 4th day of January 2024.

_____
Tana Lin
United States District Judge